UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BONNIE HAGGAR and SANDRA LEE HAVARD, personal representatives of the Estate of William T. Haggar,<br><br>       Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | CIV. 09-4101-KES<br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S REQUEST FOR SUMMARY JUDGMENT |

Plaintiffs Bonnie Haggar and Sandra Havard, as personal representatives of the Estate of William Haggar, move for summary judgment. The government resists plaintiffs' motion and asks that summary judgment be granted in its favor.

**BACKGROUND**

The undisputed facts are as follows:

William Haggar was the husband of Bonnie Haggar and the father of Sandra Havard.[1] He was familiar with tax law and was a controlling individual who handled all of the financial aspects in his marriage with Mrs. Haggar. Docket 15 at 12, 26; Docket 21 at 4, 8. In 1998, Mr. Haggar gave Havard $200,000 along with a total of $60,000 to her two children and her grandchild. Docket 20-2 at 5. Other than the gifts given to her, her children, and her

---

[1] Bonnie Haggar is not the biological mother of Sandra Havard.

grandchild, Havard did not know about Mr. Haggar's finances. Docket 16-2 at 10. Mr. Haggar told Havard that she did not have to do anything with regard to the gift and that he would take care of the tax return. Docket 16-2 at 10. Mr. Haggar also gave a total of $40,000 to Mrs. Haggar's two children. Docket 20-2 at 6.

Mrs. Haggar was aware of the gifts to Havard and signed a gift tax return that stated that she "consent[ed] to have the gifts (and generation-skipping transfers) made by me and my spouse to third parties during the calendar year considered as made one-half by each of us." Docket 20-6 at 6; Docket 20-2 at 1. Mr. Haggar had Mrs. Haggar sign the gift tax return without explanation. Docket 16-1 at 6. Certified public accountant Douglas Uthe prepared and filed the gift tax return for the Haggars. Mrs. Haggar was not given a copy of the gift tax return. Docket 16-1 at 6; Docket 1, Ex. A at 18.

Mr. Haggar died approximately six years later in January 2004. Plaintiffs were identified as the estate representatives in Mr. Haggar's will. They hired attorney Michael Billion and certified public accountant Uthe to assist them with preparing the estate's tax return. Mrs. Haggar went to the place where she knew Mr. Haggar had kept all of his tax records and produced all of the documents that she found to Billion. Docket 16-1 at 8. The 1998 gift tax return was not with the other tax records because Mr. Haggar's accountant did not give him a copy of the return. Docket 16-3 at 10-11.

Although somewhat educated and experienced in the business world, plaintiffs are not familiar with tax law. Docket 16-1 at 1-2, 9; Docket 16-2 at 2, 15. During one meeting, Billion asked plaintiffs whether Mr. Haggar had ever made any gifts. Docket 20-6 at 34-35. Plaintiffs answered no. Docket 20-6 at 35. As a result, the response to question 7a in Part 4 of the estate tax return, "Have federal gift tax returns ever been filed," was marked "no." Docket 20-4 at 4. Uthe told Billion that Mr. Haggar did not file any gift tax returns. Docket 16-3 at 8. Plaintiffs later signed and filed the estate tax return. Docket 20-4 at 1. Plaintiffs admitted that they did "nothing" to verify the accuracy of the answer to question 7a. Docket 20-6 at 32-33; Docket 20-7 at 11.

In August 2006, after examining the estate tax return and determining that plaintiffs failed to disclose the prior gifts, the IRS assessed a penalty under 26 U.S.C. § 6662(b)(1). Plaintiffs paid the additional federal estate tax and interest that was found by the IRS to have been owed by Mr. Haggar's estate. Docket 1 at 2. They do not allege that the additional federal estate tax and interest or the assessed penalty were improperly calculated.

Plaintiffs allege that the penalty was erroneously or illegally assessed. Docket 1 at 5. They argue that the circumstances surrounding the answer to the question about whether gift tax returns had been filed demonstrate that there was a reasonable cause for the underpayment and that they acted in good faith. Jurisdiction exists under 28 U.S.C. § 1346, which states that district courts have jurisdiction over claims "against the United States for the

recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]"

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is initially placed on the moving party to establish the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." (internal quotations omitted)).

Once the moving party has met its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading[.]" Fed. R. Civ. P. 56(e)(2). Rather, the nonmoving party must, "by affidavits or as otherwise provided in this rule[,] set out specific facts showing a genuine issue for trial." *Id.* For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

While the government has not filed a motion for summary judgment, it asks in its brief in opposition to plaintiffs' motion for summary judgment that summary judgment be granted in its favor. Plaintiffs have not objected to the government's failure to file a formal motion for summary judgment. The court recognizes that "[m]ost federal courts have held that a district court has the power to grant summary judgment against the party making a Rule 56 motion, even if the non-moving party did not make a cross motion." *See Johnson v. Bismarck Pub. Sch. Dist.*, 949 F.2d 1000, 1004 (8th Cir. 1991)(citation omitted)). *See also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2720 at 347 (2d ed. 1987) ("The weight of authority, however, is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56." (citing cases)). The court will therefore also consider whether the government is entitled to summary judgment.

## ANALYSIS

Section 6662 of the Internal Revenue Code imposes a 20 percent penalty for "any portion of an underpayment of tax required to be shown on a return" when the underpayment is "attributable to . . . negligence or disregard of rules or regulation." *See* 26 U.S.C. § 6662(a)-(b)(1). "For purposes of [Section 6662], the term 'negligence' includes any failure to make a reasonable attempt to

5

comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard." *Id.* § 6662(c). Section 7491 of the Internal Revenue Code states that "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty[.]" *Id.* § 7491(c). Accordingly, "the government ha[s] the burden of coming forward in the district court with sufficient evidence to support imposition of a penalty[.]" *Barrett v. United States*, 561 F.3d 1140, 1148 (10th Cir. 2009) (citing *Higbee v. Comm'r*, 116 T.C. 438, 446 (2001) (stating that in order to meet its "burden of production," the government "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty")).

  Section 6664 of the Internal Revenue Code states that "[n]o penalty shall be imposed under 6662 . . . with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." 26 U.S.C. § 6664(c)(1). Therefore, "[i]f the government meets its burden of production, the burden shifts and plaintiffs have the burden of establishing a defense." *Alpha I, L.P. v. United States*, 93 Fed. Cl. 280, 318 (2010) (citing *Litman v. United States*, 81 Fed. Cl. 315, 318-19 (2008) (other citation omitted)). *See also Higbee*, 116 T.C. at 447 ("Therefore, once the [government] meets [its] burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the [government's] determination is incorrect.").

Plaintiffs rely on *Blodgett v. Commissioner*, 394 F.3d 1030 (8th Cir. 2005), to support their argument that in the event of an evidentiary tie, they are entitled to judgment. *See id.* at 1039 ("Therefore, a shift in the burden of preponderance has real significance only in the rare event of an evidentiary tie." (citation omitted)). The issue in *Blodgett*, however, did not involve an affirmative defense by the plaintiff. Rather, the issue was whether the plaintiff "introduce[d] credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed" that was sufficient to shift "the burden of proof" unto the government. *Id.* at 1035 n.3 (quoting 26 U.S.C. § 7491(a)(1)).

Here, plaintiffs do not argue that the IRS erred in imposing the additional federal estate tax. Docket 1 at 2. Instead, plaintiffs rely on the affirmative defense set forth in 26 U.S.C. § 6664(c)(1) to avoid the assessed penalty that would otherwise be required by 26 U.S.C. § 6662(b)(1). Therefore, plaintiffs' reliance on *Blodgett* is misplaced in this case.

Neither side has identified any authority that explains the relationship between § 7491(c) and § 6664(c)(1). And the court was unable to locate any decision by the Eighth Circuit Court of Appeals that discussed the relationship between § 7491(c) and § 6664(c)(1). After careful consideration, the court holds that the standard articulated in *Alpha I*, applies in this case. Accordingly, "plaintiffs have the burden of establishing a defense" under § 6664(c)(1) once

7

"the government meets its burden of production" with regard to the penalty under 6662(b)(1). *Alpha I*, 93 Fed. Cl. at 318.

With regard to whether the government has met its burden of production to impose a penalty under § 6662(b)(1), it is undisputed that Havard personally received $200,000 six years prior to signing the estate tax return. Docket 15 at 3. There is also evidence that Mrs. Haggar was aware of the gift to Havard and that Mrs. Haggar signed a gift tax return that referenced the gift to Havard. Docket 20-6 at 21; Docket 20-2 at 1. The government has presented evidence that neither Havard nor Mrs. Haggar did anything to ensure that the answer "no" to the question about gift tax returns on the estate tax return was correct. Docket 20-6 at 12-13; Docket 20-7 at 11-12. Thus, the government has met its burden to produce sufficient evidence that plaintiffs were negligent within the meaning of § 6662(b)(1).

Plaintiffs argue that the penalty for the underpayment was erroneously assessed because they can show that there was a reasonable cause for the underpayment and that they acted in good faith with respect to the underpayment. *See generally* 26 U.S.C. § 6664(c)(1) ("No penalty shall be imposed under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.") As the plain language of § 6664(c)(1) makes clear, a taxpayer is entitled to the defense if there was "a reasonable cause . . . ***and*** . . . the taxpayer acted in good

8

faith[.]" *Id.* (emphasis added). Thus, plaintiffs must show "both reasonable cause for the underpayment and good faith in acting pursuant to such cause." *Hansen v. Comm'r*, 471 F.3d 1021, 1029 (9th Cir. 2006) (citing 26 U.S.C. § 6664(c)(1) (other citation omitted)).

      26 C.F.R. § 1.6664-4(b) explains that "[t]he determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances." The regulation also emphasizes that "[g]enerally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.* Other "[c]ircumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." *Id.* "Generally, a taxpayer knows, or has reason to know, that the information on an information return is incorrect if such information is inconsistent . . . with the taxpayer's knowledge of the transaction." *Id.*

      Plaintiffs argue that the circumstances surrounding their answer to the question about whether a gift tax return had been filed demonstrates that there was a reasonable cause for the underpayment and that they acted in good faith. While it is undisputed that plaintiffs had actual knowledge about the gift given by Mr. Haggar and that Mrs. Haggar signed the gift tax return that was filed in 1998, there is disputed evidence that plaintiffs nonetheless acted in

good faith when they incorrectly answered the question about whether Mr. Haggar had previously filed gift tax returns. Such evidence includes the following:

(1) Havard incorrectly answered the question because she "was not aware that a 1998 gift tax return was filed[,]" (Docket 1, Ex. A at 17);

(2) Havard was not aware of any tax implications associated with the gift, (Docket 16-2 at 6); and

(3) Mrs. Haggar did not understand that the gift given by Mr. Haggar in 1998 was relevant for purposes of the estate tax return, (Docket 16-1 at 9).

The weight of this evidence depends heavily on the credibility of the individual making the statements. And credibility determinations are best made after seeing and hearing the individual in person. *See Piotrowski v. Southworth Prods. Corp.*, 15 F.3d 748, 754 (8th Cir. 1994) ("The jury and a competent trial judge were in the best position to observe the witnesses, their credibility, and the overall evidence.").

After considering all of the evidence in this case, the court finds that a genuine issue of material fact exists as to whether plaintiffs acted with a reasonable cause and in good faith. Therefore, neither side is entitled to summary judgment. *See* Fed. R. Civ. P. 56(c) (stating that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is *no genuine issue as to any material fact* and that the movant is entitled to judgment as a matter of law" (emphasis added)).

Plaintiffs alternatively argue that the government has admitted facts establishing that plaintiffs acted in good faith. Specifically, they direct the court's attention to paragraph 25 of the complaint, which reads as follows: "Plaintiffs filed a Claim for Refund, Form 843, with the Sioux Falls South Dakota office of the Internal Revenue Service on September 6, 2007. A copy of the claim is attached as Exhibit A." Docket 1 at 3. The exhibit referenced in the allegation contains a letter written by Mrs. Haggar, which explains that she answered " 'no' because [she] did not recall the 1998 gift tax return" and that "[w]hile [she] signed the gift tax return, [she] was not aware of its significance, nor did [she] recall that [she] had signed the return." Docket 1, Ex. A at 3. A similar explanation was apparently written in a letter by Havard. Docket 1, Ex. A at 17. Plaintiffs argue that the government's answer to the complaint admits the truth of plaintiffs' explanations as stated in the letters that were filed within the exhibit referenced in paragraph 25 of the complaint.

The court rejects plaintiffs' argument because the government's answer only admits that plaintiffs "filed a claim for refund . . . on September 6, 2007" and that a "copy of the claim is attached as Exhibit A." Docket 1 at 3; Docket 9 at 3. The allegation in the complaint does not mention anything about what plaintiffs knew or whether they acted in good faith. When reading paragraph 25 of the complaint and the answer, it is clear that the government simply admitted the fact that plaintiffs filed a claim for refund on September 6, 2007, and that a copy of the claim had been attached to the complaint. The

government's admission to the allegation in paragraph 25 of the complaint is therefore limited to what was actually alleged in the paragraph.

## CONCLUSION

Because there is a genuine issue of material fact as to whether there was a reasonable cause for the incorrect statement on the estate tax return, and because there is a material issue of fact as to whether plaintiffs acted in good faith, the court finds that summary judgment is not appropriate in this case. It is

ORDERED that plaintiffs' motion for summary judgment (Docket 14) and defendant's request for summary judgment are denied.

Dated February 23, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE